**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DARLA SEARCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-122-JMS-WGH |
| | ) | |
| MR. MANSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

Because Darla Searcy is a "prisoner" as defined by 28 U.S.C. ' 1915(h), the court has screened her complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008).

Searcy's action is brought pursuant to 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet*, 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984). Searcy's claim is that the defendants were responsible for improperly changing her inmate classification from Level 1 to Level 2. She seeks an order requiring the defendants to reclassify her to Level 1 and to place her on work release.

"[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). No viable claim is asserted pursuant to § 1983, however, unless Searcy asserts the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

Searcy was given the opportunity to identify the federal right she seeks to vindicate in this action. She has responded by referencing both the Eighth and the Fourteenth Amendments. Even as supplemented, however, Searcy's complaint falls short of stating a plausible claim for relief.

- The Eighth Amendment proscribes conditions of confinement for inmates constituting cruel and unusual punishment. Searcy's change of classification does not implicate the protection of the Eighth Amendment. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992)("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety.").

- Invoking the due process guarantee of the Fourteenth Amendment takes Searcy's claim no further. *See Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)); *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests. . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).

Federal courts must take cognizance of the valid constitutional claims of prison inmates. *Turner v. Safley,* 482 U.S. 78, 84 (1987)). As explained above, no such claim has been asserted here.

**B.**

The plaintiff has pled herself out of court "by alleging facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."). The dismissal of the action is now mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

**II.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/18/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Darla Searcy
933513
Rockville Correctional Facility
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872